**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN JOSE MORALES-BARRERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    15-73380

Agency No. A088-673-241

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Juan Jose Morales-Barrera, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to consider Morales-Barrera's contentions as to the merits of his application for asylum, withholding of removal, and relief under the Convention Against Torture, because he did not timely petition for review as to that order.[1] *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

In his opening brief, Morales-Barrera does not raise and therefore waives any challenge to the agency's denial of his motion to reopen. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

We do not consider the materials Morales-Barrera includes in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[1] Morales-Barrera states in his opening brief that a separate petition appealing the denial of the BIA's motion to reopen has been filed. As of now, the court has no record of another petition for review from Morales-Barrera.